ELIFF FERRIS, RESPONDENT, *v.* JOHN VAN VECHTEN AS
SURVIVING EXECUTOR, ETC., AND OTHERS, APPELLANTS.

*Executor and trustee — application of funds by, for benefit of trust estate instead of to payment of debts — remedy of creditor — charging debt on trust property benefited.*

Where an executor of a will, under which he is also a trustee, uses moneys in his hands to keep down the interest upon incumbrances upon a portion of the trust property and to repair the same, instead of applying them in payment of the debts of the deceased, a court of equity will charge such premises in favor of the creditors of the deceased, to the extent of the amount so laid out upon them.

In such a case the court will direct the sale of the entire premises and the payment of the amount due to the creditors out of the proceeds arising therefrom, leaving any equities which may exist between the *cestuis que trust,* to be settled upon an application for the surplus moneys.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

Eliza Elmendorf died in 1858, leaving a will by which she appointed John Van Vechten, one of the defendants, and another, her executors. By her will she left the rents, issues and profits of all her property, in trust to the defendant, Sarah E. Elmendorf and her husband, Nicholas Elmendorf (now dead), and to the survivor of them for life, with remainder over in fee to the defendants Julia and Nellie L. Elmendorf. The will also contained a power of sale for the payment of debts.

The plaintiff was a creditor of Eliza Elmendorf, and recovered a judgment against her said executors in an action commenced before her death, on which judgment the surrogate of Ulster county, on proceedings taken for a final accounting of Van Vechten, as such executor, found due the sum of $2,768.39, on the 22d day of December, 1873, and ordered said Van Vechten, his co-executor being dead, to pay that sum, with $209.87 costs, to plaintiff, on the ground that Van Vechten, as executor, had received that sum from sales of real estate of his testatrix, and neglected to apply it to payment of this debt, and had, on the contrary, expended a larger sum of the moneys so received by him on the " homestead farm " mentioned in the will, of which the defendants Elmendorf, are devisees, in violation of his duty to creditors. This decision was affirmed by the General Term and by the Court of Appeals, and this action was brought to compel a sale of the homestead farm under the terms of the will for the payment of this debt, and to charge the debt upon the said homestead farm in equity, on the ground that moneys arising from the sale of real estate and property applicable to this debt, had been paid out for the benefit of this farm by the executor, and for a decree of sale to satisfy plaintiff's claim.

The cause was tried at the Circuit without a jury. The court found that plaintiff was barred from enforcing a sale under the will by the statute of limitations, but that she was entitled to a decree in equity charging the premises with the moneys arising from sales of other real estate paid out for its benefit, and directing a sale and payment of plaintiff's claim. From this decree defendants appeal.

*Chas. A. Fowler,* for the appellants.

*Bernard & Fiero,* for the respondent.

BOCKES, J.:

We are satisfied with the conclusions of the learned judge at Special Term, as regards the defense of the statute of limitations. Admitting that the plaintiff was barred by the statute from her right to proceed against the real estate of the defendants' testatrix, under the charge thereon created or declared by the will, as the learned judge found, let us examine the case on the theory on which relief was granted. The defendant Van Vechten was executor and trustee under the will of Eliza Elmendorf, the original debtor to the plaintiff, and as such received funds belonging to the estate sufficient, and more than sufficient, to satisfy the plaintiff's judgment, which, to the extent necessary for that purpose, ought to have been applied by him to its payment. Instead of making satisfaction of the judgment therefrom, he applied those funds to the payment of taxes assessed, and to repairs upon the premises, sought to be charged in this action, and in payment of principal and interest on a mortgage on the same, which was a lien thereon at the time of the testatrix's decease. Thus there was a diversion and misappropriation of the trust funds, held by the executor for the plaintiff, the same having been paid for the benefit of the devisees in the protection, or for the benefit of their interest in the premises sought to be charged. The devisees had the benefit of such application of the fund by the executor and trustee. Now, in the absence of any right or claim to the lands by the devisees, other than as devisees, the premises should be held charged with the trust moneys so applied, or rather so misapplied, by the executor, to their use and benefit. They had no right or equity superior to the plaintiff, being devisees merely, and stood the same as privies to the misappropriation. So the fund could be followed into the land in which it had been invested, and reclaimed therefrom by decreeing it a charge thereon. In this view of the case, the judgment directed at Special Term was well directed. The authorities in support of these views are too numerous and familiar to render their citation at all necessary.

But it is insisted, on the part of the appellants, that the above considerations do not present the case in its entirety. It is true that the devisees do not stand alike in their interests in the premises. By the third clause of the will, the testatrix devised her

real estate, including the premises in question, to the executors, in trust for the use of the defendant Sarah E. Elmendorf for her life and the life of her husband, and on the expiration of such trust to convey the same in fee to the children of said Sarah, now the defendants Julia and Nellie L. Elmendorf. The husband of Sarah died before the commencement of this action. Thus there was an estate in trust for the life of Sarah, with remainder over to her children, the legal title remaining, in the mean time, in the executors, and the survivor of them in trust. The judgment directed herein charges the entire property with the payment of the plaintiff's judgment, no note being taken of the different interests of the devisees therein. The appellant's counsel insists that the interest of Sarah was that of a life tenant, and that, consequently, the application of the fund by the executor to the payment of taxes, and upon the mortgage in satisfaction of interest, and for repairs, was for the benefit of such life tenant alone; hence that the interest of the life tenant should be primarily charged to the extent of its value before charging the remainder devised to Sarah's children. But the interest of Sarah was not precisely that of a life tenant. Indeed, she was not a tenant in any sense. The estate for her life was a trust estate, and the surviving executor was the trustee holding the legal title. He was to receive the rents and profits and pay them over, or apply them, during her life, as directed in the will, and ultimately to convey the premises in fee to her children. Thus holding the legal title, he put trust funds belonging to the plaintiff, or to which he was entitled, into the premises.

Now, in this action, to charge this property thus held by the executor and trustee in trust with this misappropriated fund, it matters not what were the rights and equities of Sarah and her children as between themselves. The plaintiff's equitable right to the extent of his claim (the misappropriated fund being more than sufficient to satisfy it) was superior to and overrode all rights which the beneficiaries under the will could have. The plaintiff was entitled to have his money restored to him from the lands or its avails. What should remain after his claim was satisfied would continue, subject to the provisions of the will, to answer the claims of Sarah and her children as their rights should be made to appear. The

judgment provides for the deposit of the surplus, if any there should be arising from the sale, with the treasurer of the county, subject to the further order of the court. But as regards the plaintiff, her demand was justly upon the entire premises into which, and for the preservation of which, the executor, holding the legal title, had put her money. If these conclusions be sound, the judgment appealed from is not erroneous, because not noting the different standing of the beneficiaries under the will; and in not recognizing their rights and equities, as between themselves, in granting relief to the plaintiff.

The objections suggested by the appellant's counsel that the plaintiff's claim was not well proved against the estate, and that the costs of the proceedings before the surrogate and on appeal were improperly included in the judgment, are not, in our judgment, well founded. The claim seems sufficiently proved, and the costs incurred in the process of enforcing it, as remarked by the learned judge at Special Term, became a necessary incident thereto.

We are of the opinion that substantial justice has been done in the awarding of judgment, hence that it should be affirmed, with costs.

BOARDMAN, J., concurred.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.